**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

NICOLE MOSER,

    Plaintiff,

v.                                                 Case No: 8:14-cv-03121-CEH-TWG

THE CINCINNATI INSURNACE
COMPANY, a Foreign Profit Corporation,

    Defendant.

_____

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Remand to State Court (Doc. 14), and Defendant's response thereto (Doc. 15), which included a Motion to Serve Limited Discovery. The Court, having considered the motions and being fully advised in the premises, will grant in part and deny in part Plaintiff's Motion to Remand, and deny Defendant's Motion to Serve Limited Discovery.

**I.    Background**

On or about November 18, 2014, Plaintiff Nicole Moser ("Moser") filed this action in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida seeking damages as a result of a car accident that occurred on September 29, 2011. At the time of the accident, Moser was insured by Defendant, The Cincinnati Insurance Company. Moser's coverage included Uninsured/Underinsured Motorist Coverage. Moser alleges that Defendant has failed to make reasonable efforts to resolve her claim.

On December 16, 2014, Defendant removed the instant action to this Court pursuant to 28 U.S.C. § 1446. *See* Doc. 1. Defendant alleges that this Court has original subject matter

jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the matter in controversy exceeds $75,000. *See id.*

## II. Standard of Review

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, provided that the district court has jurisdiction. 28 U.S.C. § 1441(a). Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of proving proper federal jurisdiction. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

"Where a plaintiff fails to specify the total amount of damages demanded . . . a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Id.* "To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. . . . If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Miedema v. Maytag Corp.,* 450 F.3d 1322, 1330 (11th Cir. 2006) (internal citations and quotations omitted). "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Williams v. AFC Enterprises, Inc.,* 389 F.3d 1185, 1189 (11th Cir. 2004) (quotations omitted).

## III. Discussion

The Complaint in this action states only that it is an action for damages in excess of $15,000. Doc. 2 at ¶ 1. Thus, it is not facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. Defendant's basis for asserting that the amount

in controversy exceeds $75,000 is that the insurance policy limit is $100,000.00 for each person and that a pre-suit demand letter offered to settle the matter for the policy limit of $100,000.00. *See* Doc. 1.

Although pre-suit demand letters can be used to support the amount in controversy, they are not dispositive. *Lamb v. State Farm Fire Mut. Auto. Ins. Co.,* No. 3:10-CV-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010). Instead, to determine whether the amount in controversy is satisfied, courts have analyzed whether demand letters merely "reflect puffing and posturing," or whether they provide "specific information to support the plaintiff's claim for damages" and thus offer a "reasonable assessment of the value of [the] claim." *Id.* at *2 (citing *Jackson v. Select Portfolio Servicing, Inc.,* 651 F.Supp.2d 1279, 1281 (S.D. Ala. 2009)).

According to Defendant, on December 20, 2013 – eleven months before filing this action – Moser's counsel sent Defendant a letter that concluded with the following statement: "In the event that we do NOT receive a draft in the amount of the available Uninsured/Underinsured Motorist policy limit in the amount of $100,000.00 payable to our client and our firm, jointly, we will immediately serve a summons, complaint and initial discovery." Doc. 1 ¶ 10.[1] There is no indication that this demand was based on any calculation of actual damages. Thus, this allegation is not sufficient to establish amount in controversy for purposes of federal diversity jurisdiction.

Plaintiff, on the other hand, alleges that her current medical bills total only $17,043.62 and that her most recent, post-suit, demand letter offered to settle all claims for less than $75,000. *See* Doc. 14-5. Plaintiff also notes that she has already received $25,000 from the other driver's insurance company which would offset any liability of the Defendant in this action. Defendant was informed of this payment in December of 2013. *See* Doc. 14-4. Thus, Defendant's exposure here

---

[1] Defendant did not provide a copy of this letter to the Court.

appears to be exactly $75,000 (i.e. the $100,000 policy limit minus the $25,000 offset). The diversity jurisdiction statute requires an amount in controversy "*exceeds* the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a) (emphasis added).

Defendant requests the opportunity to conduct discovery on the amount in controversy before this matter is remanded. Given Plaintiff's assertions in her motion, it seems such discovery would be futile. Furthermore, this Court will not permit discovery in a case over which it does not have jurisdiction. Any such discovery should be conducted in state court.

Plaintiff has requested an award of attorneys' fees and costs incurred as a result of Defendant's improper removal of this action. Under 28 U.S.C. § 1447(c), a remand order "may" require the payment of just costs and actual expenses incurred as a result of the removal. *Id.* "The word 'may' clearly connotes discretion. The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136 (2005). Where an objectively reasonable basis for removal exists, the Court should deny a request for attorney's fees. *Id.*

The Supreme Court has established a standard to guide district courts in deciding whether to award attorney's fees and costs upon remand. "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141. The Eleventh Circuit has noted that the reasonableness standard enunciated by the Supreme Court was meant to balance "'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria

are satisfied.'" *Bauknight v. Monroe County, Fla.,* 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting *Martin*, 546 U.S. at 140). Thus, "there is no indication that a trial court should ordinarily grant an award of attorney's fees whenever an effort to remove fails." *Kennedy v. Health Options, Inc., 3*29 F. Supp. 2d 1314, 1319 (S.D. Fla. 2004).

Plaintiff argues that because Defendant had no evidence to support an amount in controversy in excess of $75,000 and relied primarily on a pre-suit demand letter from over a year ago without conducting any discovery in state court regarding potential damages, this removal was unreasonable.

Defendant argues that Plaintiff has not shown bad faith and should be denied fees because she did not seek agreement from Defendant before filing the motion to remand. Defendant is correct that Plaintiff failed to comply with Local Rule 3.01(g). Defendant indicates that it would have agreed to remand if Plaintiff would have stipulated that the value of her claim is less than $75,000. It is unknown whether conferral would have resulted in the elimination of this motion practice. But in light of Plaintiff's failure to even attempt such conferral and the fact that a trial court should not ordinarily grant an award of attorney's fees when an effort to remove fails, the Court will not award costs and fees. Accordingly, it is

**ORDERED AND ADJUDGED that:**

1. Plaintiff's Motion for Remand to State Court and Incorporated Memorandum of Law (Doc. 14) is **GRANTED in part and DENIED in part**;
2. Defendant's Motion to Serve Limited Discovery (Doc. 15) is **DENIED**;
3. This case is **REMANDED** to the Sixth Judicial Circuit in and for Pinellas County, Florida, for all further proceedings;

4. The Clerk is directed to mail a certified copy of this Order to the Clerk of the Sixth Judicial Circuit, Pinellas County, Florida;

5. Plaintiff's request for an award of attorneys' fees and costs is **DENIED**; and

6. The Clerk is directed to terminate all pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on February 12, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties